IN THE UNITED STATES DISTRICT COURT

DAVID WILSON, and other similarly situated individuals,

    Plaintiff,

v.

PELICAN BAY STATE PRISON; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; WARDEN J. ROBERTSON; D.E. DUCART; DR. MORIN; DR. J. HOFFMAN; NURSE S.D. RAY; NURSE BOGLE; NURSE M. SALAZAR,; MAUREEN McCLEAN; DR. JACOBSEN; BILL WOODS; T. LEMOS; CUMMINGS; A. SHELTON; K. ROYAL; K. WIGGINS; L. DALBEC; DR. HOFFMANN; ANTHONY; V. SNOW; MELTON; L. KIRBY; J. RISENHOOVER; B. CHAUCER; D. THORNBERG; R. RYAN; J. JUNEAU; BELT; DONNA BOECHLER; N. QUINTANA; VALDEZ-PERNER; S. GATES; J. VILLA; M. VOONG;

    Defendants.

No. C 18-0097 WHA (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, an inmate at Corcoran State Prison, filed this civil rights case under 42 U.S.C. 1983 on behalf of himself and other inmates at Pelican Bay State Prison ("PBSP"), where plaintiff was formerly housed. The complaint was dismissed with leave to amend, and plaintiff timely filed a First Amended Complaint (dkt. 9). For the reasons discussed below, the amended complaint is ordered served upon certain defendants.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

When liberally construed, plaintiff's allegations that he did not receive adequate accommodations for his disabilities, adequate medical care, or sanitary food state cognizable

claims for the violation of his rights under the Eighth Amendment and the Americans with Disabilities Act.

Plaintiff's first amendment retaliation claim fails because his allegations are conclusory insofar as they do not plausibly show that his protected conduct caused the alleged retaliatory actions. *Shepard v. Quillen*, 840 F.3d 686, 689-91 (9th Cir. 2016) (causation element of retaliation claim requires showing that the prison official intended to take the adverse action out of "retaliatory animus" to "silence and to punish" the inmate, as opposed to for some other reason).

Plaintiff's claim for the unlawful deprivation of his property do not state a cognizable claim for the violation of his due process rights. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not state a due process claim under § 1983).

Plaintiff's equal protection claim fails because he has not made factual allegations showing that other similarly situated people were treated differently from him. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985) (the Equal Protection Clause requires that all persons similarly situated should be treated alike).

Plaintiff's claims that his administrative grievances were improperly handled, processed, or decided do not, do not implicate his constitutional rights and are not cognizable under Section 1983. There is no constitutional right to a prison administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff names as defendants PBSP and the California Department of Corrections and Rehabilitation. The former is simply a building, not a government entity; the latter is the applicable government entity and may be sued as it is a of the State of California.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The claims against Pelican Bay State Prison; K. Royal; V. Snow; Melton; L. Kirby; J. Risenhoover; B. Chaucer; D. Thornberg; R. Ryan; J. Juneau; Belt; Donna Boechler; N. Quintana; Valdez-Perner; S. Gates; J. Villa; and M. Voong are **DISMISSED.**

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the First Amended Complaint (dkt. 9) with all attachments thereto, and a copy of this order upon defendants: **Warden J. Robertson; D.e. Ducart; Dr. Morin; Dr. J. Hoffman; Nurse S.d. Ray; Nurse Bogle; Nurse M. Salazar,; Maureen Mcclean; Dr. Jacobsen; Bill Woods; T. Lemos; Cummings; A. Shelton;  K. Wiggins; L. Dalbec; Anthony** at **Pelican Bay State Prison**, and upon defendant **the California Department of Corrections and Rehabilitation**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants sre of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in

the summary dismissal of their motion and the case being set for trial.

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: November  6 , 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56©)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.